RECEIVED
JSDC. CLERK. CHARLESTON. SC

2010 OCT 22 P 3: 39

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shawn Cowayne Walker | C. A. No. 2:10-0582-RSC |
| Plaintiff, | |
| -versus- | **O R D E R** |
| Michael J. Astrue, Commissioner of Social Security, | |
| Defendant. | |

This case is before the court pursuant to Local Rule 83.VII.02, D.S.C., concerning the disposition of Social Security cases in this District on consent of the parties. 28 U.S.C. § 636(c).

The plaintiff, Shawn Cowaye Walker, brought this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended (42 U.S.C. §§ 405(g) and 1383(c)(3)), to obtain judicial review of a final decision of the Commissioner of Social Security denying the plaintiff's claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act.

The parties have agreed that this matter should be remanded to the Commissioner for a *de novo* hearing and a full and fair decision on the claim. The plaintiff, however, seeks for an order that the Commissioner remand this action to a different

administrative law judge, but the Commissioner resists that requirement.

The plaintiff asserts that the evidence establishes the existence of mental impairments and that he appeared at the wrong social security office for her hearing. The plaintiff's attorney advised the administrative law judge at the time of the hearing that the plaintiff was at the wrong office, but would be at the right office in a few minutes. The administrative law judge refused to delay the hearing and allow the plaintiff to proceed. The plaintiff asserts this demonstrates clear bias justifying remanding the case to another administrative law judge.

The Commissioner notes that it is appropriate to remand a case to a different administrative law judge where the plaintiff establishes bias, but asserts no bias is shown here since the administrative law judge is authorized to proceed with the hearing without the plaintiff being present where expert witnesses are present, as here.

Generally[1] bias refers to personal bias or prejudice caused by an extrajudicial source other than what the judge has learned or experienced from his participation in the case. Cf. United States v. Grinnell Corp., 384 U.S. 563, 583, 86 S.Ct. 1698, 1710,

---

[1] 28 U.S.C. § 455 requires a judge to disqualify himself if he has a personal bias or prejudice either against or in favor of a party or his impartiality might reasonably be questioned, and the discussion here analogizes from case law concerning 28 U.S.C. § 455

16 L.Ed.2d 778 (1966); Shaw v. Martin, 733 F.2d 304, 308 (4th Cir. 1984); Fitzgerald v. Penthouse International, Ltd., 691 F.2d 666, 672 (4th Cir. 1982). Further "'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.' Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). And, 'opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.' Id." U.S. v. Lentz, 524 F.3d 501, 530 (4th Cir. 2008).

This is not to say that the Commissioner must remand this action to the same administrative law judge, and the better practice in this instance might be to remand the action to another administrative law judge. However there is no basis in law for requiring the Commissioner to do so.

Pursuant to the power of this Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. § 405(g), this Court hereby

**REVERSES** the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) with a **REMAND** of the cause to the Commissioner

for further administrative proceedings as set out above.[2] See, Shalala v. Schaefer, 509 U.S. 292 (1993).

**AND IT IS SO ORDERED.**

                                      /s/ Robert S. Carr
                                      ROBERT S. CARR
                                      UNITED STATES MAGISTRATE JUDGE

Charleston, South Carolina

October 22, 2010

---

[2] The Clerk of Court will enter a separate judgment pursuant to the Federal Rules of Civil Procedure, Rule 58.